UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61703-Civ-SCOLA

SSH2 ACQUISITIONS, INC.

    Plaintiff,
vs.

JAMES CLARK HOWARD III, *et al.*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on the Plaintiff's Motion for Summary Judgment (ECF No. 53). The Plaintiff, SSH2 Acquisitions, Inc., has moved for summary judgment against Defendants James Clark Howard, III and Sutton Capital, LLC ("the Defendants").[1] SSH2 has three claims: securities fraud (count I), sale of unregistered securities (Count II), and common law fraud (Count III). All three claims flow from the same factual allegations that the Defendants operated a Ponzi scheme and defrauded SSH2 out of millions of dollars. In response to the Motion for Summary Judgment the Defendants have argued that SSH2 lacks standing to prosecute this action; that SSH2 has failed to join indispensable parties; and that SSH2 has failed to state a claim for which relief may be granted.

### Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). Rule 56 requires a court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . .

---

[1] Of the other named Defendants in this matter, Rapallo Investment Group, LLC has been served and a default has been entered; Defendant Patricia Saa has not been served and is allegedly on the run in South America. (Status Report 1-2, ECF No. 52.)

[o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56[(c)] "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

## SSH2's Motion for Summary Judgment

At his deposition in this case, Defendant James Clark Howard, III declined to provide any substantive testimony; instead he invoked his Fifth Amendment privilege against self-incrimination. SSH2 set out its "Statement of Undisputed Material Facts" in twenty-two paragraphs, most of which only cite to Howard's deposition. (Mot. for Summ. J. 2-9, ECF No. 53.) SSH2 argues that the Court should adopt all negative inferences about the Defendants based on Howard's decision not provide any substantive testimony in this matter. In other words, SSH2 has attempted to meet its burden of production by arguing the negative inferences from Howard's silence. SSH2 also cites to a declaration of Michael J. Palermo, the President of SSH2. Palermo's statements about the Defendants' involvement in the alleged Ponzi scheme, however, are based upon information and belief – not on personal knowledge. (Palermo Decl. ¶¶ 22-24, ECF No. 53-1.)

As a general rule, "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them . . . ." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).  However, even in a civil case "a grant of summary judgment merely because of the invocation of the fifth amendment would unduly penalize the employment of the privilege." *United States v. White*, 589 F.2d 1283, 1287 (5th Cir. 1979).  In other words, "[t]he negative inference, if any, to be drawn from the assertion of the fifth amendment does not substitute for evidence needed to meet the burden of production." *Avirgan v. Hull*, 932 F.2d 1572, 1580 (11th Cir. 1991).

SSH2 has failed to meet its initial burden to show, by reference to materials on file, that there is no genuine issue of material fact.  Other than the negative inferences from Howard's deposition that SSH2 asks this Court to adopt, SSH2 has not presented any evidence to establish the existence of a Ponzi scheme – or any other fraud – by the Defendants.  SSH2's citations to Palermo's declarations are insufficient because they are not based on personal knowledge.  Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge."); *see also Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002) (explaining that statements based "upon information and belief" are not sufficient to support the entry of summary judgment).  SSH2 cannot rely solely on the negative inferences from Howard's Fifth Amendment invocation in order to prove-up its case.  Furthermore, it does not appear that Howard's deposition was taken both in his individual capacity and as the corporate representative of Sutton Capital, LLC.  SSH2 does not explain how any negative inferences drawn from Howard's invocation of the Fifth Amendment could be used against Sutton Capital LLC.   Since SSH2 has not met its burden of showing that there are no genuine issues of material fact that should be decided at trial, its motion for summary judgment is denied.

### **Defendant's Motion to Dismiss**

In their response, and in opposition, to SSH2's Motion For Summary Judgment, Defendants have asserted three arguments that are actually grounds to dismiss this action – as opposed to merely denying SSH2's Motion For Summary Judgment.  Defendants' first argument is that SSH2 lacks standing to pursue the claims asserted because SSH2 "appears to be seeking relief on behalf" of investors in the company.  (Defs.' Opp'n to Mot. for Summ. J. 5, ECF No. 62.)  SSH2 has alleged that it is a corporation that invested millions of dollars with the Defendants, for what SSH2 believed was a series of legitimate commodities trades but what was really a Ponzi scheme.  (Am. Compl. ¶¶ 1, 18-24, ECF No. 35.)  If the Defendants defrauded SSH2 out of money, then they are

liable to SSH2.  *Cf. Stevens v. Lowder*, 643 F.2d 1078, 1080 (5th Cir. Apr. 27, 1981) ("An action to redress injuries to a corporation cannot be maintained by a shareholder in his own name but must be brought in the name of the corporation.").

The Defendants second argument is that SSH2 has failed to join indispensable parties to this action.  The indispensable parties, as argued by the Defendants are the individual "members" of SSH2.  It is unclear as to whether the "members" of SSH2 are shareholders, or whether they hold some other legal status.  Regardless, as alleged, SSH2 – a corporation – is the individual who invested money with the Defendants and it was SSH2 who was allegedly defrauded.  As explained above, the shareholders, or "members," of SSH2 are not proper parties to this litigation.

The Defendants final argument appears to be that SSH2 has failed to state a claim for which relief may be granted.  The argument is not clear and there is no case law cited in support of the position.  Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 (10th Cir. 2001) (internal quotation omitted); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (internal quotation omitted)).

## Conclusion

Having reviewed the motions, the record, and the relevant legal authorities, and for the reasons explained in this Order, SSH2's Motion for Summary Judgment (ECF No. 53) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on February 28, 2012.

_____
 ROBERT N. SCOLA, JR.
 UNITED STATES DISTRICT JUDGE

Copies to:
*Counsel of record*